Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 257-3450
craig@clalegal.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| JERMAINE M. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> ACCURATE BACKGROUND LLC, <br><br> Defendant. | Case No.:  8:22-cv-1293 <br><br><br> **PLAINTIFF'S COMPLAINT FOR FCRA AND CCRAA VIOLATIONS** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, JERMAINE M. WILLIAMS, by and through the undersigned Counsel, and sues Defendant, ACCURATE BACKGROUND, LLC. Plaintiff respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k of the Fair Credit Reporting Act ("FCRA").

2. The FCRA requires that companies like the Defendant—which sells employment background check reports that have a serious and decisive impact on the ability of consumers to obtain and follow employment opportunities—follow reasonable procedures to assure the maximum possible accuracy of the information they report. Congress described these obligations placed on consumer reporting agencies as "grave responsibilities." 15 U.S.C. § 1681.

3.  Defendant failed to treat these obligations accordingly, and despite knowing that its underlying data and the "matching" algorithms that selected records for inclusion into consumer reports had serious deficiencies, it continued to sell reports anyway to the detriment of consumers like the Plaintiff.

4.  Defendant supplied to Plaintiff's employer a consumer report, commonly known as a "background check," that contained inaccurate criminal history. Defendant reported to the employer that Plaintiff had been convicted of a felony drug charge, but the charge was dropped and never resulted in a conviction.

5.  The original court records for the charge confirm this, but Defendant either used stale data in its report or never bothered to look at the original records to confirm the correct disposition.

6.  As a result of Defendant's reporting, Plaintiff was suspended from his job. After he disputed the inaccuracy with Defendant the employer lifted the suspension, but then fired Plaintiff the day after he returned to work.

### JURISDICTION AND VENUE

7.  The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

8.  Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this District and Division.

### PARTIES

9.  Plaintiff is a natural person and resident of South Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Accurate is a consumer reporting agency that provides background checks to customers across the country, and conducts business in the State of California from its headquarters at 7515 Irvine Center Dr. Irvine, CA 92618.

11. Accurate maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes

these consumer reports to employers for use in making employment decisions regarding current and potential employees.

12. Defendant routinely sells consumer reports for use by employers located nationwide to make hiring decisions regarding prospective employees in South Carolina, among other states.

**FACTUAL ALLEGATIONS**

13. Plaintiff applied for work with U.S. Infrastructure Company ("USIC") in South Carolina.

14. USIC hired Plaintiff, and he worked there for three weeks. During that period, USIC ordered a background check about Plaintiff from Defendant Accurate Background.

15. The report Accurate provided included criminal history that was inaccurate.

16. In January 2018, South Carolina authorities charged Plaintiff with a felony drug offense.

17. Those authorities chose not to pursue that charge, and on September 13, 2018, a disposition of "nolle prosequi" was entered in the court records.

18. For whatever reason, Accurate reported to USIC that Plaintiff was convicted of the felony drug crime on September 10, 2018.

19. Despite reporting this serious, yet inaccurate, information to USIC, Defendant did not provide Plaintiff with "at the time" notice it was doing so.

20. Because Defendant so grossly misreported the status of Plaintiff's charge, it did not rely on strict procedures designed to ensure the public records it reported about Plaintiff was "complete and up to date."

21. This inaccuracy should have been easily caught by Accurate, as the original court records confirm that Plaintiff was not convicted of this crime. The charges were dismissed, and the original records confirm that.

22. As a result of Accurate's mistake, USIC suspended Plaintiff from work for three weeks.

23. Plaintiff disputed with Accurate, who corrected the mistake, and was permitted to return to work at USIC.

24. One day later, USIC fired Plaintiff.

25. The Defendant's publication of reports and public record information about Plaintiff, and which were ultimately transmitted to USIC would not have occurred but for the failure of Defendant to follow reasonable procedures to ensure the maximum possible accuracy of the information in its consumer reports, and its additional failure to either notify Plaintiff of its reporting of the adverse and false reporting "at the time" that Defendant published the report to a third party (as required by 15 U.S.C. § 1681k(a)(1)), or in the alternative, to follow strict procedures designed to ensure that the information published was "complete and up to date" (as required by 15 U.S.C. § 1681k(a)(2)).

26. The Defendant is bound by the FCRA to use reasonable procedures to assure the maximum possible accuracy of the information it reports. Defendant fails on this fundamental requirement of the FCRA because, as in Plaintiff's case, Defendant did not review the original court records that showed the nolle prosequi disposition.

27. Even a cursory review of those records would have shown Accurate its mistake and permitted correction before the report went to USIC.

28. The inaccurate report caused Plaintiff substantial hardship, and Plaintiff suffered financial loss, humiliation, loss of sleep, anxiety, and embarrassment as a result of Defendant's violations of the law.

## CLAIMS FOR RELIEF

### COUNT I – Violation of FCRA § 1681e(b)

29. Plaintiff realleges and incorporates paragraphs 1 through 6 and 13 through 28 above as if fully set out herein.

30. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer report that it sold regarding the Plaintiff.

31. Reasonable procedures would have, at least, searched the original court records to determine the correct disposition of the criminal charges Accurate attributed to Plaintiff.

32. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: wage loss, loss of sleep, damage to reputation, embarrassment, anxiety, humiliation and other mental and emotional distress.

33. Plaintiff is entitled to recover actual damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

34. Defendant's conduct was also willful, as it is a reckless violation of the FCRA to fail to review the underlying court records—which are easily accessible on the internet—to determine the true disposition of the criminal charges Defendant attributed to Plaintiff.

35. Such a rudimentary check would have revealed to Accurate it was making a mistake, and would have permitted Accurate to correct that mistake before it reached USIC.

36. Defendant is a nationally operating background check company that has access to regulatory and court decisions, as well as other sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's accuracy requirements.

37. The FCRA's accuracy provision has been in place since 1970, giving Defendant decades to become compliant.

38. Because of Defendant's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. §§ 1681n.

**COUNT II – Violation of FCRA § 1681k(a)**

39. Plaintiff realleges and incorporates paragraphs 1 through 6 and 13 through 28 above as if fully set out herein.

40. Defendant failed to send the required § 1681k(a)(1) notice to Plaintiff that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on Plaintiff's ability to obtain or maintain employment.

41. Plaintiff was unaware of Defendant's violation regarding his report until USIC suspended him, when Plaintiff learned of the false conviction Accurate attributed to him.

42. Similarly, Defendant does not ever follow strict procedures designed to ensure that it only furnishes complete and up-to-date public records. Plaintiff's circumstances bear that out—Defendant obtained the records for the original charge, but did not obtain the true disposition of the charge.

43. In fact, Defendant uniformly fails to sell or furnish the complete public record and instead only obtains and provides the very limited data available through a batch and/or automated pickup.

44. Defendant's failure to timely provide the required FCRA notices to Plaintiff violated 15 U.S.C. § 1681k(a)(1).

45. Defendant's failure to follow strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiff violated 15 U.S.C. § 1681k(a)(2).

46. As a result of Defendant's conduct, Plaintiff suffered particularized and concrete injuries, including being robbed of his congressionally mandated right to information to which Congress has deemed him entitled. Access to this information is important because (1) it is highly personal in nature; (2) it is maintained and reported by third parties to whom Plaintiff has no pre-existing relationship; (3) it is ultimately sold to third parties to whom Plaintiff is applying to employment or credit without Plaintiff having the opportunity to view it in advance; and (4) it is potential determinative information in extremely important interactions—applications for employment or credit.

47. Having been denied this important information, Plaintiff was harmed because he did not know what information was circulated about him and by whom and was subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiff was at increased risk to be denied employment and lost the opportunity to dispute Defendant's false reporting prior to or contemporaneously with USIC's evaluation of that reporting.

48. As a result of its FCRA violations, Defendant is liable to Plaintiff for actual damages, attorneys' fees and costs pursuant to § 1681o.

49. Defendant's conduct was also willful, as it is a reckless violation of the FCRA to utterly fail to meet the at-the-time notice requirements of Section 1681k.

50. That provision of the FCRA has been in place for decades, giving Defendant ample time to become compliant.

51. Defendant is a nationally operating background check company that has access to regulatory and court decisions, as well as other sources of information that inform it of the FCRA's requirements and practices such that it should be able to comply with the FCRA's notice requirements.

52. Because of Defendant's willful conduct, Plaintiff is entitled to recover actual damages, punitive damages as the Court may allow, attorneys' fees, and costs. 15 U.S.C. § 1681n.

### PRAYER FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

    (1)    Award Plaintiff actual and punitive damages for Accurate's violations of the FCRA;

    (2)    Award Plaintiff attorneys' fees and costs under the FCRA;

    (3)    Award Plaintiff post-judgment interest; and

    (5)    Award all other relief, including equitable relief, as the Court deems appropriate.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**JERMAINE WILLIAMS**

By: */s/ Craig C. Marchiando*
Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 257-3450
craig@clalegal.com

***Attorney for Plaintiff***